IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT ANDERSON,<br><br>Plaintiff<br><br>v.<br><br>TELEPERFORMANCE SE,<br>AND ALLA KOYFMAN<br><br>Defendants. | Civil Action No. 5:25-cv-05527 |

DEFENDANT ALLA KOYFMAN'S REPLY IN SUPPORT OF HER
MOTION TO DISMISS THE AMENDED COMPLAINT

## I. INTRODUCTION

Scott Anderson's Opposition confirms what Alla Koyfman's opening brief demonstrated: this case should never have been brought against her. Anderson is a Pennsylvania resident who allegedly lost cryptocurrency in a SIM-swap. He knew about the SIM-swap by July 2022, filed an arbitration against T-Mobile, litigated his claims to a final decision on the merits, and lost. Now, more than three years after the alleged injury and nine months after the statute of limitations expired on even his latest-accruing claim, he seeks a second chance against a retired, Washington-based T-Mobile employee he has never met—based solely on the fact that her T-Mobile credentials were allegedly used in the SIM-swap.

Anderson's Opposition does not cure any of the fatal defects identified in Koyfman's motion. His jurisdictional theory reduces to "Anderson lives in Pennsylvania"—a basis this Court and the Third Circuit have repeatedly rejected. His discovery rule argument asks this Court to restart the statute of limitations each

time a plaintiff learns the name of a new potential defendant, a rule with no legislative or judicial support. His equitable tolling argument rests on Koyfman's failure to self-report, which is not the "affirmative independent act of concealment" the law requires. And his res judicata opposition is built on the self-defeating premise that Koyfman was simultaneously acting outside the scope of her employment (to avoid privity with T-Mobile) and within the scope of her employment (to sustain his substantive claims). He cannot have it both ways.

The Amended Complaint should be dismissed with prejudice.

## II. ARGUMENT

### A. Anderson's Residence In Pennsylvania Does Not Subject Koyfman to Personal Jurisdiction

Despite protesting Koyfman's summarization of her alleged contacts with the Commonwealth as "Anderson happens to live in Pennsylvania," Anderson's Opposition proves the point.

*First*, in support of each of his long-arm statute arguments, Anderson states some variation of the fact that "[w]hen the SIM-swap was performed on Plaintiff's cell phone, signals had to be sent to Plaintiff's cell phone in Pennsylvania in order to deactivate his phone, remove it from T-Mobile's networks in Pennsylvania, and make the switch to another phone." Pl.'s Opp. [ECF No. 28] at 7. In short, because Anderson happened to be in Pennsylvania, then Koyfman must have "digitally entered" Pennsylvania. As Koyfman's opening brief discussed, this is not enough. Pennsylvania's long-arm statute does not confer jurisdiction simply because the Plaintiff is in Pennsylvania. *See Temparali v. Rubin*, Civ. A. No. 96-5382, 1997 WL

361019, at *8 (E.D. Pa. June 20, 1997) ("On this theory, a tortfeasor could virtually always be haled into court in the district in which the plaintiff happened to live."); *Corrales Martin v. Clemson Univ.*, Civ. A. No. 07-536, 2007 WL 4531028, at *8 (E.D. Pa. Dec. 20, 2007) ("Interpreting the 'tort out / harm in' theory in the manner [the plaintiff] suggests would make an alleged tortfeasor subject to the jurisdiction of any state where a plaintiff selected to live.").

*Second*, in support of his minimum contacts argument, Anderson states "Plaintiff has alleged that he is domiciled in Pennsylvania" and "Plaintiff's cryptocurrency and keys were stored in a cold wallet, located at his residence." Pl.'s Opp. [ECF No. 28] at 8-9. In other words, "Anderson lives in Pennsylvania." Again, this is not enough. "[T]he fact that harm is felt in Pennsylvania from conduct occurring outside Pennsylvania is not sufficient to satisfy due process unless the defendant targets Pennsylvania through the tortious conduct." *Santana Products, Inc. v. Bobrick Washroom Equipment*, 14 F. Supp. 2d 710, 715 (M.D. Pa. 1998) (citing *Surgical Laser Technologies v. C.R. Bard, Inc.*, 921 F. Supp. 281, 285 (E.D. Pa. 1996)). "[I]f a nonresident defendant's contact with the forum is simply 'fortuitous' or 'the result of a single transaction' the minimum-contacts requirement has not been satisfied." *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 295 (3d Cir. 1985). And like his physical presence, the location of his cold wallet is entirely incidental; Koyfman is not alleged to have interacted with the storage device in any way. The SIM-swap targeted Anderson's T-Mobile account, not his cold wallet, and Anderson cannot bootstrap jurisdiction by characterizing an intangible digital asset as forum-

based "property" simply because the hardware sits in his Pennsylvania home.

*Third*, in support of his *Calder* Effects Test argument, Anderson states "Defendant Alla Koyfman illegally accessed or allowed Plaintiff's account to be accessed, and thereafter stole property *from* an individual located in Pennsylvania, made changes to a phone in Pennsylvania, and the brunt of the harm was suffered in Pennsylvania." Pl.'s Opp. [ECF No. 28] at 11. In other words, "Anderson lives in Pennsylvania." This is not enough. *See Hassan v. FullStory, Inc.*, 114 F.4th 181, 196 (3d Cir. 2024) ("We have rejected the argument that 'the expressly aiming' requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.").

Notably, Anderson has not submitted any evidence contradicting Koyfman's sworn declaration that she never directed any activity at Pennsylvania and was unaware of Anderson's existence prior to this lawsuit. Because the allegations are such that "a tortfeasor could virtually always be haled into court in the district in which the plaintiff happened to live" they are insufficient to establish personal jurisdiction over Koyfman.

### B. The Discovery Rule Does Not Apply To Knowledge of Identity

Anderson attempts to recast the fact that he did not know Koyfman's identity as not knowing the cause of his injury. This Court has already rejected that very distinction. In *Robinson v. Lowe's Home Centers, Inc.*, this Court confronted the identical issue. Civ. A. No. 06-4403, 2007 WL 2739187 (E.D. Pa. Sept. 19, 2007). There, the plaintiff sued a third-party more than two years after suffering injury, but

just eight months after learning the third-party's identity during litigation. *Id.* at *1. The plaintiff argued the statute of limitations was tolled until it learned of the third-party's existence. *Id.*

This Court granted that motion to dismiss because "the discovery rule clearly has no application here." *Id.* at *2. Contrary to Anderson's assertions in this case, the discovery rule is an extremely narrow exception whose purpose "has been to exclude from the running of the statute of limitations the period of time which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury." *Id.*at *1 (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)).

While Anderson documents his diligence efforts, diligence cannot bring his claims within the scope of the discovery rule because "[u]ncertainty as to the identity of a defendant is not the sort of lack of knowledge which triggers the discovery rule." *Id.* at *2. This Court highlighted a line that rings true here: "the case law makes clear that **the focus of the discovery rule is on the recognition of the injury and not those who allegedly caused it**." *Id.* at *2 (quoting *Revell v. Port Authority of New York and New Jersey*, Civ. A. No. 06-402, 2007 WL 2462627, at *4, n. 4 (D.N.J. Aug. 27, 2007) (emphasis added)). Pennsylvania federal courts repeatedly reach the same conclusion. *See*, *e.g.*, *Debbs v. Thiokol Corp.*, 1993 WL 190872, at *4 (E.D. Pa. June 4, 1993) ("An allegation of mere difficulty in identifying the defendants will not toll the statute [of limitations]."); *Merry v. Westinghouse Elec. Corp.*, 684 F.Supp. 852, 855 (M.D. Pa. 1988) ("Nothing in the discovery rule provides for the tolling of the

statute until the responsible party is identified.”).

Anderson concedes he knew his injury immediately: “Defendant is correct that Plaintiff was aware or should have been aware that a SIM-swap had occurred at the time he received the July 2022 letter from T-Mobile (“Notice Letter”), and that he had suffered a theft of his cryptocurrency by January 18, 2023.” Pl.’s Oppo. [ECF No. 28] at 13. Anderson filed a timely lawsuit against T-Mobile, it is immaterial that he did not know the identity of the “unknown person” in T-Mobile’s letter.[1] *See Robinson*, 2007 WL 2739187, at *2 (“Knowledge of the exact identity of who caused the injury is not required.”). The statute of limitations began to run no later than Anderson's receipt of the July 15, 2022 letter from T-Mobile. His claims against Koyfman for the use of her credentials in the SIM-swap expired on July 15, 2024. To the extent Anderson claims Koyfman participated in the theft of the cryptocurrency, Anderson concedes he was aware of or should have been aware “that he had suffered a theft of his cryptocurrency by January 18, 2023.” Pl.’s Oppo. [ECF No. 28] at 13. Therefore, his claims against Koyfman for the theft of cryptocurrency expired on January 18, 2025. This lawsuit was not filed until September 26, 2025—more than 9 months late.

### C. Equitable Tolling, Equitable Estoppel, and Fraudulent Concealment Cannot Save Anderson’s Claims

Anderson invokes the doctrine of equitable tolling, equitable estoppel, and

---

[1] Anderson’s reliance on *Zeleznik v. United States*, 770 F.2d 20 (3d Cir. 1985), is misplaced. The Third Circuit there held that a claim accrues when the plaintiff learns of the injury and its “immediate cause”—and that “[d]iscovery of the cause of one’s injury . . . does not mean knowing who is responsible for it.” *Id.* at 23 (quoting *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984)). Anderson knew his immediate cause—the unauthorized SIM-swap—by July 2022; *Zeleznik* explicitly rejected the argument that “the statute of limitations does not begin to run so long as reasonably diligent investigation would not have discovered [the defendant’s] actions.” *Id.* at 24.

fraudulent concealment, but these doctrines all require the same showing: "the defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied." *Brady v. W.C. Eshenaur & Son, Inc.*, 490 F. Supp. 3d 827, 832 (M.D. Pa. 2020) (quoting *Kingston Coal Co. v. Felton Min. Co.*, 690 A.2d 284, 291 (Pa. Super. Ct. 1997)); *see also Bethlehem Steel Corp. v. Fischbach and Moore, Inc.*, 641 F. Supp. 271, 274 (E.D. Pa. 1986) ("the mere failure by defendant to disclose to a plaintiff the existence of facts does not establish the defense.").

Like in *Brady*, "[n]othing in Plaintiff's complaint mentions any 'affirmative independent act of concealment' on the part of Defendant." *Id.* Anderson invokes *Walters v. Ditzler*, 227 A.2d 833, 835 (Pa. 1967), for the proposition that the fraud necessary to toll the statute "need not be fraud in the strictest sense, i.e., inclusive of an intent to deceive, but may be fraud in the broad sense, i.e., inclusive of an unintentional deception." But *Walters* does not help Anderson. Even under the "broad sense" standard, the Pennsylvania Supreme Court required that the defendant engage in conduct that "lulls an injured person . . . into a sense of security so that such person's vigilance is relaxed." *Walters*, 227 A.2d at 835. Indeed, the *Walters* court itself found "not a scintilla of proof of any fraud, concealment or deception" and rejected the plaintiff's estoppel claim on that basis. *Id.* at 836.

The doctrine thus still requires Anderson to prove some act of deception—whether intentional or unintentional—that causes the plaintiff to relax his vigilance. *See Molineux v. Reed*, 532 A.2d 792, 794 (Pa. 1987) (fraudulent concealment applies where "through fraud or concealment, the defendant causes the plaintiff to relax his

vigilance or deviate from his right of inquiry"). Anderson must produce—which he has not—"evidence which is clear, precise, and convincing." *Id.* Mere silence or inaction does not satisfy this standard.

Anderson alleges only that Koyfman failed to self-report—not that she made any representation, intentional or otherwise, that caused him to relax his vigilance. To the extent he claims T-Mobile concealed Koyfman's identity, that only confirms that equitable tolling does not apply to Koyfman, because Anderson was on notice of his claims all along, timely brought claims against T-Mobile, and even identified unknown "T-Mobile employees" in his Arbitration Demand who he alleged were liable. *See* ECF 24-2 at 4, ¶20.[2] A rule tolling the statute of limitations until a defendant voluntarily confesses has no support in the law.

### D. Arbitration Limitations Do Not Stop Application of Res Judicata

Anderson's res judicata opposition rests on dissatisfaction with the arbitration process and its outcome, neither of which defeats preclusion here.

*First*, Anderson argues that res judicata cannot apply when Koyfman was not acting within the scope of her employment. *See* Pl.'s Oppo. [ECF No. 28] at 20-21. But Anderson's Amended Complaint depends on the opposite premise. Anderson

---

[2] Anderson argues that the Arbitration documents are "matters outside the pleadings" requiring exclusion or conversion to summary judgment under Fed. R. Civ. P. 12(d). *See* Pl.'s Opp. [ECF No. 28] at 5–6. This is incorrect. On a 12(b)(6) motion, the Court may consider documents "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Anderson's Amended Complaint is replete with references to the arbitration, and his tolling, fraudulent concealment, and res judicata arguments are built entirely upon the arbitration proceedings and their result—making these documents integral to the complaint. Anderson's contention that a protective order prevents him from presenting opposing materials does not transform a properly considered document into an extraneous one.

writes, "Defendant Alla Koyfman, *when acting in her capacity as Senior Technical Project Manager for T-Mobile* in their Enterprise Technology Solutions Department, was a person providing electronic communication services to the public." *See* Pl.'s Oppo. [ECF No. 28] at 22 (emphasis added). His CFAA and negligence claims likewise rest on Koyfman's position within T-Mobile and the access her employment afforded her. *See* Am. Compl. [ECF No. 21] at ¶¶ 42–45, 72–78. In other words, every theory of liability in Anderson's Amended Complaint is predicated on Koyfman's role as a T-Mobile employee acting *within* or by virtue of her employment.

Either way, Anderson's claims against Koyfman cannot survive. The scope-of-employment question does not allow inconsistent positions based on the defense he is trying to overcome; it is a factual predicate that either supports privity and triggers res judicata, or undermines the substantive basis for the claims he has brought.

*Second*, despite acknowledging in the Arbitration Demand that "[t]here may be other parties, people or persons who are liable to Claimant under some theories of liability hereunder, including but not limited to *T-Mobile employees*[,]" Anderson now declares that "[h]is arbitration was solely against T-Mobile USA, Inc." *See* Pl.'s Oppo. [ECF No. 28] at 19, Ex. A, ¶27. Anderson chose not to add Koyfman when discovery revealed her identity. Regardless, T-Mobile is vicariously liable for Koyfman's actions related to Anderson's T-Mobile cell phone and thus the requirement of identity of parties is satisfied. *See* Restatement (Second) of Judgments § 51 (applying res judicata to different parties where one is vicariously responsible for the conduct of another, such as principal and agent or master and servant); *Day v. Volkswagenwerk*

*Aktiengesellschaft*, 464 A.2d 1313, 1317-18 (Pa. Super. Ct. 1983) (discussing same).

*Third*, however Anderson characterizes his arbitration claims, res judicata requires only that the claims arise from the same transaction—not that they be legally identical. *See Metcalf v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. App'x 719, 722 (3d Cir. 2014) (applying a "transactional" or "event-based identity" to res judicata and rejecting the "same legal theories" approach); *see also Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982) (en banc) ("Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims."). The Arbitration Demand unambiguously states: "This action is brought by Claimant, a T-Mobile customer who has lost thousands of dollars in an incident of an identity theft crime: 'Sim swapping' or 'SIM hijacking.'" *See* ECF 24-2 at 1, ¶1. These are the same transactions at issue here.

*Fourth*, Anderson complains that he was not given a full and fair opportunity to litigate his claims. *See* Pl.'s Oppo. [ECF No. 28] at 19, Ex. A, ¶28-30. But by agreeing to arbitrate, parties "effectively consent[ ] to the limited discovery available in arbitration" and cannot later claim they were denied a full and fair opportunity to litigate. *Cullen v. Paine Webber Grp.*, 689 F. Supp. 269, 280-81 (S.D.N.Y. 1988).

## III. <u>CONCLUSION</u>

For the reasons stated herein and those contained in Koyfman's Motion to Dismiss [ECF No. 25], Koyfman's motion should be granted, and Plaintiff's Amended Complaint should be dismissed with prejudice.

Dated: March 17, 2026

Respectfully submitted,

BLANK ROME LLP

By: */s/ Christopher C. Wilcoxson*
Daniel E. Rhynhart (PA ID #: 78248)
Christopher C. Wilcoxson (PA ID #: 325872)

One Logan Square
Philadelphia, PA 19103
Telephone: 215-569-5500
Facsimile: 215-569-5555
dan.rhynhart@blankrome.com
cody.wilcoxson@blankrome.com

*Counsel for Defendant Alla Koyfman*

## CERTIFICATE OF SERVICE

I hereby certify that I caused foregoing Reply In Support of Alla Koyfman's Motion to Dismiss Plaintiff's Amended Complaint, to be electronically filed with the Clerk of the Court through the CM/ECF system, which shall be available for viewing and downloading therein. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for the case.

Dated: March 17, 2026

Respectfully submitted,

BLANK ROME LLP

By: */s/ Christopher C. Wilcoxson*
Daniel E. Rhynhart (PA ID #: 78248)
Christopher C. Wilcoxson (PA ID #: 325872)

One Logan Square
Philadelphia, PA 19103
Telephone: 215-569-5500
Facsimile: 215-569-5555
dan.rhynhart@blankrome.com
cody.wilcoxson@blankrome.com

*Counsel for Defendant Alla Koyfman*