**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT ANDERSON,<br><br>*Plaintiff*,<br><br>v.<br><br>TPUSA, INC., *et al*.,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 5:25-cv-05527-JLS |

**O R D E R**

**AND NOW**, this 29th day of July, 2026, upon consideration of Defendant TPUSA, Inc.'s motion to compel arbitration, ECF No. 16, the response, ECF No. 19, and reply, ECF No. 20, and for the reasons set forth in the footnote below,[1] it is hereby **ORDERED** as follows:

(1) the motion to compel arbitration is **GRANTED**;

(2) the motions to dismiss, ECF Nos. 24 and 25, are **DENIED WITHOUT PREJUDICE** to renewal after arbitration, if necessary; and

(3) the Clerk of Court shall **MARK** this case **STAYED**. *See Smith v. Spizzirri*, 601 U.S. 472, 478-479 (2024) (holding that, "[w] hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding").

**IT IS FURTHER ORDERED** that, within fourteen days after the completion of arbitration, the parties shall file a joint status report.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[1] Plaintiff Scott Anderson, a resident of Lehigh County, Pennsylvania, initiated this civil action against (1) TPUSA, Inc., a Delaware corporation, and (2) Alla Koyfman, a resident of

Washington, on September 26, 2025. His amended complaint alleges that, on or about June 21, 2022, while a T-Mobile wireless customer:

> T-Mobile employee, Alla Koyfman, acting outside of the scope of her employment . . . bypassed the security on Plaintiff's account, and in conjunction with a TPUSA employee/agent and/or device, accessed Plaintiff's account without authorization and transferred control of his phone to a phone which was then used to access his email, cloud storage, and cryptocurrency accounts using two-factor authentication methods.

Am. Compl. ¶ 37, ECF No. 21.

Notably, prior to this suit Plaintiff pursued substantially similar claims concerning the same underlying events against T-Mobile, Inc. in arbitration, where the arbitrator found in T-Mobile's favor on all claims. *See* Ex. C at 2-4, ECF No. 16-3 ("Award of Arbitrator").

Defendant TPUSA, Inc. now moves to compel arbitration pursuant to Plaintiff's underlying agreement with T-Mobile, which defines the agreement as one "between you and us, T-Mobile USA, Inc., and our controlled subsidiaries, assignees, and agents." Ex. A at 4, ECF No. 16-1. The agreement's dispute-resolution provision also provides:

> **Dispute Resolution and Arbitration. YOU AND WE EACH AGREE THAT, EXCEPT AS PROVIDED BELOW, ANY AND ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OUR PRIVACY NOTICE, OUR SERVICES, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES, WILL BE RESOLVED BY BINDING ARBITRATION OR IN SMALL CLAIMS COURT.** This includes any claims against other parties relating to Services or Devices provided or billed to you (such as our suppliers, dealers, authorized retailers, or third-party vendors) whenever you also assert claims against us in the same proceeding. You and we each also agree that the Agreement affects interstate commerce so that the Federal Arbitration Act and federal arbitration law, not state law, apply and govern the enforceability of this dispute resolution provision (despite the general choice of law provision set forth below). THERE IS NO JUDGE OR JURY IN ARBITRATION, AND COURT REVIEW OF AN ARBITRATION AWARD IS LIMITED. THE ARBITRATOR MUST FOLLOW THIS AGREEMENT AND CAN AWARD THE SAME DAMAGES AND RELIEF AS A COURT (INCLUDING ATTORNEYS' FEES).

*Id.* at 6 (emphasis in original).

In response to the motion to compel arbitration, Plaintiff offers three reasons why the Court should not compel arbitration. First, Plaintiff argues that TPUSA, Inc., as a non-signatory to the agreement, lacks "standing" to enforce the arbitration provision. Second, he contends that his claims do not concern any "services or devices" provided or billed to him such that his claims fall

outside the provision's scope. Finally, he notes that TPUSA, Inc. failed to satisfy the notice requirement imposed by § 4 of the Federal Arbitration Act. *See generally* 9 U.S.C. § 4. The Court considers each argument in turn.

First, with respect to Plaintiff's standing argument, the Court observes that, under Third Circuit law, a non-signatory third-party beneficiary may enforce an arbitration provision. *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 195 (3d Cir. 2001) (citing *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)); *accord Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1271 (Pa. Super. Ct. 2004).

As Plaintiff acknowledges, *see* Pl.'s Resp. in Opp'n to Def.'s Mot. to Compel Arb. at 12, ECF No. 19-2, to determine whether TPUSA, Inc. qualifies as a third-party beneficiary, the Court looks to Pennsylvania law. Under Pennsylvania's test, third-party-beneficiary status exists when "both parties to the contract express an intention to benefit the third party in the contract itself." *Scarpitti v. Weborg*, 609 A.2d 147, 150 (Pa. 1992) (citing *Spires v. Hanover Fire Ins. Co.*, 70 A.2d 828, 830-31 (Pa. 1950)).

On this point, the agreement again provides: "**YOU AND WE EACH AGREE THAT, EXCEPT AS PROVIDED BELOW, ANY AND ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OUR PRIVACY NOTICE, OUR SERVICES, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES, WILL BE RESOLVED BY BINDING ARBITRATION OR IN SMALL CLAIMS COURT.**" Ex. A at 6, ECF No. 16-1 (emphasis in original). The agreement goes on to state that "[t]his includes any claims against other parties relating to Services or Devices provided or billed to you (such as our suppliers, dealers, authorized retailers, or third-party vendors) whenever you also assert claims against us in the same proceeding." *Id.* Notably, the agreement does not limit who may elect to pursue arbitration under this clause. *Cf. White v. Sunoco, Inc.*, 870 F.3d 257, 267-68 (3d Cir. 2017).

After careful review, the Court concludes that it is the language—"[t]his includes any claims against other parties relating to Services or Devices provided or billed to you"—that plainly reflects the contracting parties' intent to extend the benefit of arbitration to T-Mobile's "suppliers, dealers, authorized retailers, or third-party vendors." *See also Mohammad v. T-Mobile USA, Inc.*, No. 2:18-CV-00405-KJM-DB, 2018 WL 6249910, at *8 (E.D. Cal. Nov. 29, 2018) (analyzing identical provision and reaching a similar conclusion under California law).

TPUSA, Inc. falls within that class of intended beneficiaries. *See also In re Prudential Ins. Co. of Am. Sales Prac. Litig. All Agent Actions*, 133 F.3d 225, 230 (3d Cir. 1998) (concluding that, under Pennsylvania law, an arbitration provision may identify a class of intended beneficiaries without specifically naming each beneficiary). Specifically, the Court reaches this conclusion because Plaintiff pleaded that "TPUSA engages in Telesales on behalf of T-Mobile USA, Inc., whereby they acquire new customers for T-Mobile and provide upgrades to existing T-Mobile customers (i.e. service activations and equipment purchases)." Am. Compl. ¶ 99, ECF No. 21.

That said, for a non-signatory third-party beneficiary to compel arbitration under this agreement the claims must (1) satisfy the "any way related to" nexus and (2) be asserted in the "same proceeding" as claims against T-Mobile or its "agents." Here, those conditions are satisfied. The gist of the present claims is that T-Mobile supplied a SIM card under a wireless-service agreement and that a T-Mobile employee later "swapped" it. That allegation surely "relates" to the wireless services T-Mobile provided under Plaintiff's agreement. Therefore, the broad "nexus" requirement is satisfied.

And since Plaintiff has sued Defendant Koyfman based on acts allegedly committed in connection with her employment by T-Mobile, the "same proceeding" requirement is satisfied. Plaintiff cannot avoid the contract's language of "we" and "agent" by merely arguing—without any citation to contrary authority—that, although acting in connection with her employment, Defendant Koyfman acted outside the scope of her authority and therefore cannot be deemed an agent under the terms of the contract. *See also Carvell v. Edward D. Jones & Co., L.P.*, 294 A.3d 1221, 1231-33 (Pa. Super. Ct. 2023) (rejecting similar argument); *cf. Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1121-22 (3d Cir. 1993).

Finally, Plaintiff's argument that TPUSA, Inc. cannot compel arbitration because it failed to provide Federal Arbitration Act § 4 notice is without merit. Plaintiff cites no authority to support the proposition that the alleged notice deficiency constitutes a complete defense to arbitration. *See also Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co.*, 774 F.2d 524, 526 (1st Cir. 1985); *Murphy v. Epiq Glob. Bus. Transformation Sols., LLC*, No. 2:21-CV-01624, 2022 WL 17578821, at *2 n.2 (W.D. Pa. Dec. 12, 2022) (explaining that the service of a motion to compel arbitration supplied the required written notice and that the statutory purpose is to give the opposing party at least five days' warning before the court acts, not before the motion is filed).